1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  NEHEMIAH ROBINSON,                        No. CIV S-05-1499-LKK-CMK

12              Plaintiff,

13         vs.                                ORDER

14  M. PENNER, et al.,

15              Defendants.

16  _____/

17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18  to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1), filed on July 26,

19  2005.

20              The court is required to screen complaints brought by prisoners seeking relief

21  against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

22  § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23  malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24  from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25  the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

26  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

1

1   means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

2   1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

3   complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

4   rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

5

6                                      **I. BACKGROUND**

7          Plaintiff names the following as defendants: Sahota, chief medical physician;

8   Penner; Todd; Swift; King; and Johnson-Dovey.  Plaintiff also sues an unnamed prison official as

9   well as the Director of the California Department of Corrections and the Warden of California

10   State Prison, Sacramento.  Plaintiff seeks compensatory and punitive damages.

11          Plaintiff states that he suffers from "significant collagen vascular disease" and

12   "post-traumatic degenerative arthritis."  After submitting a health care service request form

13   complaining of "severe pain," plaintiff was examined on February 3, 2005, by defendant Penner, a

14   prison physician.  Plaintiff claims that defendant Penner signed an order that same day

15   documenting plaintiff's medical need to be transferred to a prison in a warmer climate.  Plaintiff

16   alleges that he was informed that he would be notified regarding his transfer within two weeks,

17   but that this was never done.

18          Plaintiff states that, on February 18, 2005, he filed a prison grievance requesting to

19   be transferred.  That request was allegedly reviewed by defendant Johnson-Dovey, and that, on

20   February 23, 2005, defendant Johnson-Dovey requested that plaintiff provide additional

21   information in support of his request.  Specifically, plaintiff alleges that defendant Johnson-Dovey

22   had requested to see a copy of the February 3, 2005, order from defendant Penner.  Plaintiff

23   asserts that, on February 25, 2005, he spoke with defendant Penner about the February 3, 2005,

24   order and was told by defendant Penner that the appropriate officials would be provided with the

25   order.  Plaintiff states that he re-submitted his transfer request on February 28, 2005, along with a

26   statement as to defendant Penner's response concerning the February 3, 2005, order.

1          Plaintiff claims that, on March 10, 2005, he submitted a request for the status of his
2  transfer request.  The next day, plaintiff received a response indicating that he would receive a
3  decision soon.  Meanwhile, plaintiff states that he requested health care services again on March
4  16, 2005, for "severe pain," and that he was seen at the prison medical clinic on March 21, 2005.
5  Plaintiff asserts that he was informed at that time that he was on the list to be seen by defendant
6  King, a registered nurse.  After waiting over three hours, plaintiff was seen by defendant King,
7  whereupon plaintiff conveyed the foregoing.  Defendant King informed plaintiff that he would be
8  informed of the status of his transfer request at a later date.

9          Plaintiff states that he went to the medical clinic again on March 23, 2005, and was
10 told that he would be seen by defendant Todd.  Plaintiff also states that, while he was in the
11 medical clinic on March 23, 2005, he went to defendant King's office and asked about the status
12 of his transfer request.  Defendant King told plaintiff that he would receive a decision within three
13 weeks.  Plaintiff asserts that another inmate present in the medical clinic at the time overheard a
14 conversation among defendants King, Swift, and Todd concerning plaintiff's transfer request.
15 Specifically, plaintiff learned from this that an unnamed prison official instructed defendant Swift
16 to discontinue plaintiff's transfer request.  Plaintiff claims that, after he requested a copy of the
17 discontinuation order, defendant Swift ". . . suddenly became belligerent for no apparent reason"
18 and informed him that he would not be allowed to see the doctor.  Plaintiff states that he told
19 defendant Swift that he would file an inmate grievance based on denial of medical care and
20 conspiracy to deprive him of a transfer to a different prison.

21         Additionally, plaintiff claims that he was treated by defendant Todd on March 24,
22 2005, for "severe pain," but that defendant Todd refused to prescribe pain medication.  During
23 that visit, plaintiff learned that the results of a prior blood test were "positive," indicating the
24 possibility of hepatitis B and/or liver disease.
25 ///
26 ///

1   Plaintiff also claims that he was sent to the medical clinic again on April 12, 2005.
2   His vital signs were taken and he was led to the doctor's office.  Plaintiff states that he was then
3   informed by defendant Todd that the February 3, 2005, order from defendant Penner had been
4   discontinued as unwarranted.  Defendant Todd allegedly informed plaintiff that she did this on her
5   own authority.

6   Plaintiff was seen at the medical clinic again on April 20, 2005.  Plaintiff states
7   that his vitals were taken and that he was informed by defendant Todd that the defendant Sahota,
8   the chief medical officer, instructed that plaintiff be given either Tylenol or Motrin IB for his pain.
9   Plaintiff states that he told defendant Todd that his medical file reflects that Tylenol is ineffective
10  and Motrin IB causes him severe stomach pain.  Plaintiff claims that defendant Todd refused to
11  review his medical file.

12  Plaintiff was again seen at the medical clinic on April 28, 2005.  At this time,
13  plaintiff's blood was drawn in order to determine whether he had hepatitis B or hepatitis C, but
14  that his blood would not be tested for liver disease.

15  Finally, plaintiff claims that the director of the California Department of
16  Corrections and the warden of California State Prison, Sacramento, knew or should have known
17  of defendant's alleged misconduct and that it is the policy of the California Department of
18  Corrections to ". . . forbid prisoners from receiving adequate and effective medical
19  care/treatment."

20

21                                          **II.  DISCUSSION**

22  The gravamen of plaintiff's claims against each defendant is that they were
23  deliberately indifferent with respect to his medical needs.  For the reasons discussed below, the
24  court concludes that plaintiff's complaint fails to state a claim upon which relief can be granted.
25  / / /
26  / / /

4

1    A complaint, or portion thereof, should only be dismissed for failure to state a

2  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

3  of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

4  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v.

5  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

6  complaint under this standard, the court must accept as true the allegations of the complaint in

7  question, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts

8  in the plaintiff's favor.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Barnett v.

9  Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  In determining whether a complaint

10  states a claim upon which relief can be granted, the court generally may not consider materials

11  outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

12  Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1)

13  documents whose contents are alleged in or attached to the complaint and whose authenticity no

14  party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

15  and upon which the complaint necessarily lies, but which are not attached to the complaint, see

16  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

17  of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

18  1994), except prison regulations, see Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).

19       **A.    Medical Needs Claims**

20       The treatment a prisoner receives in prison and the conditions under which the

21  prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

22  and unusual punishment.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth

23  Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity,

24  and decency."  Estelle, 429 U.S. at 102.  A prison official violates the Eighth Amendment only

25  when two requirements are met: (1) objectively, the official's act or omission must be so serious

26  such that it results in the denial of the minimal civilized measure of life's necessities; and (2)

5

1  subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

2  inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

3  official must have a "sufficiently culpable mind."  See id.

4          Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

5  injury or illness, gives rise to under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also

6  Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See

7  Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious

8  if the failure to treat a prisoner's condition could result in further significant injury or the ". . .

9  unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.

10  1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating

11  seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of

12  comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3)

13  whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203

14  F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

15          The requirement of deliberate indifference is less stringent in medical needs cases

16  than in other Eighth Amendment contexts because the responsibility to provide inmates with

17  medical care does not generally conflict with competing penological concerns.  See McGuckin,

18  974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

19  decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

20  1989).  The complete denial of medical attention may constitute deliberate indifference.  See

21  Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical

22  treatment, or interference with medical treatment, may also constitute deliberate indifference.  See

23  Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate

24  that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

25  ///

26  ///

1      Negligence in diagnosing or treating a medical condition does not, however, give

2 rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a

3 difference of opinion between the prisoner and medical providers concerning the appropriate

4 course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,

5 90 F.3d 330, 332 (9th Cir. 1996).

6      To state an Eighth Amendment claim based on deliberate indifference to medical

7 needs, plaintiff must allege a serious medical condition.  The only condition alleged in the

8 complaint that possibly meets this requirement is hepatitis.  As to this condition, plaintiff states

9 that blood tests were taken.  Plaintiff has not alleged that these tests were positive for hepatitis and

10 that, notwithstanding such results, defendants failed to treat the condition.  Rather, plaintiff's

11 allegations concerning hepatitis show that he is, in fact, being evaluated for this condition.  To the

12 extent plaintiff disagrees with the evaluation process or results, such allegations do not state an

13 Eighth Amendment claim.

14      As to plaintiff's allegations concerning defendants' alleged conspiracy to deny him

15 a medically necessary transfer to another prison, plaintiff has not alleged a serious medical

16 condition necessitating such transfer.  Absent a serious condition, no conduct defendants take with

17 respect to the prison transfer can give rise to an Eighth Amendment claim.  In this case, plaintiff

18 alleges that the prison transfer was necessitated because he is often in "severe pain."  Even if this

19 amounts to a serious condition, plaintiff states in his complaint that he was prescribed pain

20 relievers.  To the extent plaintiff's claim is based on his opinion that he should have been

21 prescribed some other medication, such a claim is not cognizable under the Eighth Amendment.

22      For these reasons, the court concludes that plaintiff's complaint fails to state an

23 Eighth Amendment claim against any defendant based on medical needs.

24 / / /

25 / / /

26 / / /

1    **B.       Liability of Supervisory Defendants**

2          Supervisory personnel are generally not liable under § 1983 for the actions of their

3    employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no

4    respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional

5    violations of subordinates if the supervisor participated in or directed the violations, or knew of

6    the violations and failed to act to prevent them.  See id.   When a defendant holds a supervisory

7    position, the causal link between him and the claimed constitutional violation must be specifically

8    alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d

9    438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of

10   supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents,

11   673 F.2d 266, 268 (9th Cir. 1982).

12         Here, plaintiff asserts that the director of the California Department of Corrections

13   and the warden of California State Prison, Sacramento, should be held liable because they knew or

14   should have known of the other defendants' violation of his constitutional rights, and because it is

15   the policy of the California Department of Corrections to deprive prisoners medical attention.

16   However, as discussed above, the court concludes that plaintiff has failed to state a claim for

17   deprivation of his Eighth Amendment rights.  Therefore, the supervisory defendants identified in

18   plaintiff's complaint cannot be held liable.

19

20                          **III.  CONCLUSION**

21         Because it is possible that the deficiencies identified in this order may be cured by

22   amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire

23   action.  See Lopez, 203 F.3d at 1126, 1131.  Plaintiff is informed that, as a general rule, an

24   amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

25   1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the

26   original complaint which are not alleged in the amended complaint are waived.  See King v.

<u>Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  <u>See</u> Local Rule 15-220.  An amended complaint must be complete in itself without reference to any prior pleading.  <u>See</u> <u>id.</u>

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  <u>See</u> <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61; <u>see also</u> Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's complaint, filed on July 26, 2005, is dismissed with leave to amend; and

2.  Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

DATED:  October 20, 2005.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE