IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NEHEMIAH ROBINSON,                           No. CIV S-05-1499-LKK-CMK-P

        Plaintiff,

   vs.                                                  FINDINGS AND RECOMMENDATIONS

M. PENNER, et al.,

        Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for injunctive relief (Doc. 26). Plaintiff's first amended complaint (Doc. 31) will be addressed by separate order.

        In his motion for injunctive relief, plaintiff states that, when he was transferred from one prison to another, most of his personal property was lost. Plaintiff states that his legal materials were included in the lost property. Plaintiff alleges facts as to a number of individuals who are not named in this action. Plaintiff seeks an order directing prison officials to: (1) return his property; (2) address his inmate appeals; and (3) conduct an investigation if his materials are declared lost or destroyed.

/ / /

1         The legal principles applicable to requests for injunctive relief, such as a
2  temporary restraining order or preliminary injunction, are well established.  To prevail, the
3  moving party must show either a likelihood of success on the merits and the possibility of
4  irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in
5  the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir.
6  1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The
7  two formulations represent two points on a sliding scale with the focal point being the degree of
8  irreparable injury shown.  See Oakland Tribune, 762 F.2d at 1376.  Under any formulation of the
9  test, however, the moving party must demonstrate that there exists a significant threat of
10 irreparable injury.  See id.  In the absence of a significant showing of possible irreparable harm,
11 the court need not reach the issue of likelihood of success on the merits.  See id.  The loss of
12 money, or an injury whose measure of damages can be calculated in terms of money, will not be
13 considered irreparable.  See id. at 1334-35.
14         In this case, plaintiff has not demonstrated that there exists a significant threat of
15 irreparable injury.  Plaintiff has not alleged that missing legal materials will result in the loss of
16 any rights with respect to asserting a non-frivolous legal claim.  More to the point, plaintiff has
17 not demonstrated that the lost materials can never be returned.  In fact, implicit in plaintiff's
18 motion is the concept that the materials may in fact exist and just need to be reunited with
19 plaintiff.  In sum, while plaintiff may have suffered a separate cognizable civil rights violation
20 with respect to his personal property and legal materials, he has not demonstrated the irreparable
21 injury necessary to obtain injunctive relief.[1]
22 / / /
23 / / /
24 / / /

---

[1] To the extent plaintiff asserts facts in his motion which would give rise to civil rights claims, such claims must be presented in the context of a new civil rights action.

Based on the foregoing, the undersigned recommends that plaintiff's motion for injunctive relief (Doc. 26) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 5, 2006.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

