IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEHEMIAH ROBINSON, | No. CIV S-05-1499-LKK-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| M. PENNER, et al., | |
| Defendants. | |
| _____/ | |

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions to compel (Docs. 77, 79, and 80) and plaintiff's motion for appointment of counsel (Doc. 73).

       Addressing plaintiff's motion for appointment of counsel first, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not at this time find the required exceptional circumstances.

Turning to plaintiff's motions to compel, the first and third motions (Docs. 77 and 80) seeks further responses from defendants Turella, Penner, and King to interrogatories served by plaintiff.[1] Specifically, plaintiff seeks further responses from defendant Turella to interrogatory nos. 3, 4, 5, 6, 7, 8, and 9, further responses from defendant Penner as to interrogatory nos. 2, 3, 4, 5, 6, 7, and 9, and further responses from defendant King as to interrogatory nos. 2, 3, 4, 5, 6, 7, 8, and 9.

Generally, discovery may be obtained "...regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action..." Fed. R. Civ. P. 26(b)(1). Relevancy in the discovery context has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that bear on, any issue that is in the case. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)). Therefore, a discovery request directed at discovering a matter which is not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Federal Rule of Civil Procedure 26(b)(1). See id. Consistent with this rule, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. See id. at 351. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits. See id.

Discovery may not be obtained regarding matters which are privileged. See Fed. R. Civ. P. 26(b)(1). Thus, if a discovery privilege exists, information may be withheld, even if relevant to the case. See Baldridge v. Shapiro, 455 U.S. 345 (1982). The question of privilege is determined by reference to the Federal Rules of Evidence. See Campbell v. Gerrans, 592 F.2d 1054 (9th Cir. 1979). Generally, questions of privilege "...shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of

---

[1] These discovery requests were the subject of the court's July 27, 2007, and August 15, 2007, orders.

reason and experience." Fed. R. Evid. 501.  However, in civil actions which do not raise a federal question, the question of privilege is determined by state law.  See Fed. R. Evid. 501. But, "when state privilege law is consistent, or at least compatible with, federal privilege law, the two shall be read together in order to accommodate the legitimate expectations of the state's citizens." Pagano v. Oroville Hospital, 145 F.R.D. 683, 687 (E.D. Cal. 1993).

Finally, relevant non-privileged discovery may be limited if:  (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient; or (2) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.  See Fed. R. Civ. P. 26(b)(2).

Plaintiff challenges defendant Turella's responses to interrogatory nos. 3, 4, 5, 6, 7, 8, and 9.  Interrogatory no. 3 asks defendant Turella to ". . . describe in as much detail as possible every policy, procedure, and practice that governs the treatment of inmates with serious medical conditions to wit the need for surgery and chronic pain."  Interrogatory no. 4 asks defendant to ". . . identify all officials responsible for formulating, implementing, and monitoring compliance. . ." with medical policies.  Defendant Turella objected that these interrogatories are overbroad in that they are not limited in time, subject matter, or institution.  The court sustains the objections.

In interrogatory no. 5, plaintiff seeks details concerning the ". . . circumstances surrounding the inmate/parolee Appeal dated June 9, 03."  Defendant Turella objected on the grounds that the request is vague in that it does not identify any particular inmate.  The court sustains this objection.  In interrogatory nos. 6, and 7, plaintiff seeks follow-up information regarding interrogatory no. 5.  The court finds that defendant Turella appropriately stated that he could not respond to these requests because it was impossible to form a response to interrogatory no. 5 because it was vague.

In interrogatory nos. 8 and 9, plaintiff asks defendant Turella to identify those persons who provided information or assistance with respect to his answers or the allegations in plaintiff's complaint. Defendant Turella stated that the only such person was his attorney. The court finds this response to be sufficient.

As to defendant Penner, plaintiff challenges his responses to interrogatory nos. 2, 3, 4, 5, 6, 7, and 9. In interrogatory no. 2, plaintiff asks defendant Penner to describe his training while a doctor at California State Prison Sacramento. Defendant Penner responded adequately by listing the training he has had. In interrogatory no. 3, plaintiff asks defendant to ". . . describe in as much detail as possible every policy, procedure, and practice that governs physician's orders and other medical orders . . . ." The court sustains defendant's objection that the request is overbroad and vague in that it is not limited in time or subject matter. In interrogatory no. 4, plaintiff seeks the identities of all individuals responsible for "formulating, implementing, and monitoring" the policies listed in response to interrogatory no. 3. Defendant Penner responded that "[v]irtually all prison staff are responsible in some way for formulating, implementing, or monitoring compliance with policies, procedures, and practices. . ." described in interrogatory no. 3. The court finds that this response is adequate given that interrogatory no. 4 is vague and overbroad.

In interrogatory no. 5, plaintiff asks defendant Penner to ". . . describe . . . the complete circumstances surrounding the physician's orders you personally prepared on February 3, 05, and March 21, 05." The court sustains defendant's objection that this request is vague and overbroad in that it is not limited to physician's orders regarding plaintiff.[2] In interrogatory no. 6, plaintiff seeks identification information for anyone having knowledge of the facts forming the basis for defendant's answer to interrogatory no. 5. The court finds that defendant Penner adequately responded that his answer to interrogatory no. 5 was based on generally known facts

---

[2] Notwithstanding defendant Penner's objection, he responded by describing the reasons he sanctioned plaintiff's request to be transferred to a prisoner in Southern California.

4

and not based on information provided by specific individuals.  Interrogatory no. 7 seeks identification of documents supporting defendant's response to interrogatory no. 5.  Given that the response to interrogatory no. 5 was based on facts generally known within the medical community, defendant Penner adequately responded that he was not aware of any responsive documents.

In interrogatory no. 9, plaintiff asks defendant Penner to ". . . identify each person who has made to you sworn or unsworn statements or provided information for affidavits or statements that relate to the allegations made in Plaintiff's complaint and state the information provided."  Defendant Penner adequately identified his attorney in response to the interrogatory and also properly asserted the attorney-client and work product privileges in refusing to state the information provided by his attorney.

Plaintiff challenges defendant King's responses to interrogatory nos. 2, 3, 4, 5, 6, 7, 8, and 9.[3]  In interrogatory no. 2, plaintiff asks defendant King to describe training while a nurse at California State Prison Sacramento.  As with defendant Penner, the court finds that defendant King responded adequately by providing a list of training.  In interrogatory no. 3, plaintiff asks defendant to ". . . describe in as much detail as possible every policy, procedure, and practice that governs physician's orders and other medical orders . . . ."  The court sustains defendant's objection that the request is overbroad and vague in that it is not limited in time or subject matter.  In interrogatory no. 4, plaintiff seeks the identities of all individuals responsible for "formulating, implementing, and monitoring" the policies listed in response to interrogatory no. 3.  Again, as with interrogatory no. 4 to defendant Penner, the court finds that the interrogatory is vague and overbroad.

In interrogatory no. 5, plaintiff asks defendant King to ". . . describe . . . the complete circumstances surrounding the physician's orders you personally prepared on February

---

[3] Interrogatories to defendants Penner and King are virtually identical.

3, 05, and March 21, 05." The court sustains defendant's objection that this request is vague and overbroad in that it is not limited to physician's orders regarding plaintiff. Interrogatory no. 7 seeks identification of documents supporting defendant's response to interrogatory no. 5. Given that the response to interrogatory no. 5 was based on facts generally known within the medical community, defendant King adequately responded that he was not aware of any responsive documents.

In interrogatory no. 8, plaintiff seeks the identities of ". . . each known person to you and not otherwise identified in your answers to these interrogatories who has provided any information, or assistance of whatever nature or description, relating to any of your answers to these interrogatories." In interrogatory no. 9, plaintiff asks defendant to ". . . identify each person who has made to you sworn or unsworn statements or provided information for affidavits or statements that relate to the allegations made in Plaintiff's complaint and state the information provided." In response to both interrogatories, defendant King adequately identified his attorney in response to the interrogatory and also properly asserted the attorney-client and work product privileges in refusing to state the information provided by his attorney.

In interrogatory no. 6, plaintiff asks for the identities of ". . . each person who has knowledge of any of the facts stated in your responses to interrogatory #5." Defendant King stated that Penner, Swift, a transcriber (unknown to King) and "one or more members of the custodial staff" (also unknown to King) have knowledge of the facts. The court finds that this response is adequate.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1  For all of the foregoing reasons, the court denies plaintiff's first and third motions
2  to compel further responses to interrogatories from defendants Turella, Penner, or King.  The
3  court also observes that plaintiff has not complied with the local rules regarding motions to
4  compel in that he has not identified specific reasons why defendants' responses were inadequate.[4]
5  Plaintiff's second motion to compel (Doc. 79) seeks further responses to requests
6  for production of documents served by plaintiff on May 3, 2007.  Plaintiff's motion reflects that
7  defendants responded to the discovery request on July 25, 2007.  The court concludes that
8  plaintiff's motion to compel further responses to the May 3, 2007, request is untimely.  The
9  court's further scheduling order issued on May 25, 2007, set an August 15, 2007, cut-off date for
10 motions to compel.  Here, the discovery responses plaintiff's is challenging were served on July
11 25, 2007.  Plaintiff should have filed his motion to compel further responses by August 15, 2007.
12 Because the court has not granted an extension of time to file a discovery motion as to this
13 discovery, plaintiff's second motion to compel is untimely.
14 Discovery is closed in this case, and this order resolves the last outstanding
15 discovery dispute.  No party has requested an extension of the dispositive motion cut-off date,
16 which is currently October 19, 2007.  Plaintiff's pre-trial statement is due by January 18, 2008,
17 and defendants' pre-trial statement is due by January 25, 2008.  Trial of this matter is scheduled
18 for April 8, 2008, before United States District Judge Lawrence K. Karlton.
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /

---

[4] The court's analysis herein in based on a review of defendants' responses, which plaintiff attached to his motion.

7

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first motion to compel (Doc. 77) is denied;
2. Plaintiff's second motion to compel (Doc. 79) is denied;
3. Plaintiff's motion for appointment of counsel (Doc. 73) is denied; and
4. The schedule for the remainder of this litigation, as set forth in the court's May 24, 2007, further scheduling order, is confirmed.

DATED: October 1, 2007

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE