IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NEHEMIAH ROBINSON,                          No. CIV S-05-1499-LKK-CMK-P

        Plaintiff,

   vs.                                                ORDER

M. PENNER, et al.,

        Defendants.

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On April 7, 2008, defendants' motion for summary judgment was granted and judgment was entered. Now pending before the court is plaintiff's motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 59 (Doc. 109). Plaintiff has also filed a renewed motion for continuance of defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(f) (Doc. 110). In his Rule 59 motion, plaintiff argues that the judgment should be vacated in order to allow for additional discovery relating to summary judgment and that summary judgment should be reconsidered.

/ / /

/ / /

1    In his Rule 56(f) motion, which is the basis for his Rule 59 motion and request for
2 reconsideration of summary judgment, plaintiff states that he was given an "Olson review" of his
3 prison file after discovery in this action had closed.  He states that, as a result of this review, he
4 discovered the existence of additional documents which could support his claim.  He states that
5 he was given copies of the "needed physicians' orders" dated February 3, 2005, March 10, 2005,
6 March 24, 2005, March 21, 2005, and April 12, 2005.  Plaintiff contends that additional
7 discovery should be allowed under Rule 56(f) in order to "authenticate [defendants'] signatures"
8 on these documents.
9    Under Rule 56(f), "[i]f a party opposing summary [summary judgment] shows by
10 affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the
11 court may . . . (1) deny the motion. . ." or permit a continuance for additional discovery.  In this
12 case, the court finds that plaintiff's Rule 56(f) request is essentially an end-run around the
13 discovery cut-off.  Plaintiff does not state why he did not seek an "Olson review" while discovery
14 was pending such that he could have propounded additional discovery based on the documents
15 produced incident to that review in a timely manner.  Nor has plaintiff demonstrated how a
16 continuance under Rule 56(f) would have lead to the discovery of facts which would have
17 defeated summary judgment.  In this case, as the magistrate judge found, "[a]t best for plaintiff,
18 the only issue in dispute is whether a prison transfer was medically necessary."  Defendants
19 produced evidence establishing that such a transfer was not medically necessary.  Therefore,
20 plaintiff's claim was essentially one based on a difference of opinion which, as a matter of law,
21 cannot give rise to a violation of the Eighth Amendment.  Plaintiff has not shown how the
22 documents obtained as a result of the "Olson review" would change this fact.
23 / / /
24 / / /
25 / / /
26 / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's renewed Rule 56(f) motion (Doc. 110) is denied;
2. Plaintiff's Rule 59 motion (Doc. 109) is denied; and
3. This action remains closed.

DATED: June 16, 2008.

*/s/ Lawrence K. Karlton*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT